# EXHIBIT A

Raj Gadhok, Esq. (Attorney ID 034311999)
**MANDELBAUM BARRETT PC**
3 Becker Farm Road, Suite 105
Roseland, New Jersey 07068
Telephone: (973) 736-4600
Facsimile: (973) 325-7467
Attorneys for Plaintiff, Alli Restaurant & Bar Corp.

| | |
|---|---|
| ALLI RESTAURANT & BAR CORP.,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>AMTRUST NORTH AMERICA INC. and ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC.,<br><br>　　　　　　　　　　　Defendants,<br><br>　　　　and<br><br>JOSE SORTO and MARIA SORTO,<br><br>As Interested Parties. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – UNION COUNTY<br>DOCKET NO.<br><br>Civil Action<br><br>**COMPLAINT SEEKING**<br>**DECLARATORY RELIEF** |

　　　　Plaintiff, Alli Restaurant & Bar Corp. ("Alli Restaurant"), by and through its undersigned counsel, Mandelbaum Barrett PC, as and for its Complaint against Defendants, AmTrust North America Inc. ("AmTrust"), and Associated Industries Insurance Company, Inc. ("Associated"), (and collectively as "Defendants") allege as follows:

## NATURE OF THE ACTION

　　　　1.　　In this action, Alli Restaurant seeks a declaration that Defendants are obligated to defend and indemnify Alli Restaurant in the lawsuit styled *Jose Sorto et al. v. Alli Restaurant & Bar Corp et al.,* currently pending before the Superior Court of New Jersey, Law Division, Union County, bearing Docket No. UNN-L-4379-24 (the "Underlying Action") pursuant to the terms,

conditions, exclusions, and other provisions of an insurance policy issued to Alli Restaurant by Associated.

## THE PARTIES

2. Plaintiff, Alli Restaurant & Bar Corp., is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in Elizabeth, New Jersey.

3. Upon information and belief, Defendant AmTrust North America, Inc., is an insurance entity organized and existing under the laws of the State of Delaware, and doing business in the State of New Jersey.

4. At all relevant times herein, Defendant AmTrust served as the claims administrator for Defendant Associated.

5. Upon information and belief, Defendant Associated Industries Insurance Company, Inc., is a corporation organized and existing under the laws of the State of Florida, and doing business in the State of New Jersey.

6. Upon information and belief, Defendant Associated is owned in whole or in part by Defendant AmTrust.

7. Interested parties Jose Sorto and Maria Sorto are named in this action pursuant to N.J.S.A. 2A:16-56.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over Defendants AmTrust and Associated by way of their regular business conducted in the State of New Jersey, established in the provision of an insurance policy issued to Plaintiff for its New Jersey business, and Defendants' subsequent disclaimer of coverage discussed herein.

2

9. Venue is appropriate in this Court situated in Union County, New Jersey, pursuant to R. 4:3-2(a)(3), because Plaintiff is a resident of Union County and Union County is where the claim arose.

## THE INSURANCE POLICY

10. Associated issued Policy of Insurance to Alli Restaurant bearing Policy Number AES1229043-01, for the period covering October 10, 2023, through October 10, 2024 (the "Policy") for the commercial premises located at 252-256 North Broad Street, Elizabeth, New Jersey 07208 (the "Premises").

11. Subject to the certain terms, conditions, exclusions, and other provisions, the Policy generally provides coverage for "bodily injury" caused by an "occurrence" to which the coverage applies within the policy period.

12. The Policy contains the following assault and battery exclusion (the "Exclusion"):

**2. Exclusions**

Notwithstanding any other provision of this policy, this Insurance does not apply to:

Assault and Battery

Any claim or "suit" for "bodily injury," "property damage," or "personal or advertising injury" arising out of, in whole or in part, any assault, battery, fight, altercation, misconduct or similar incident or act of violence, whether caused by or at the instigation of, or at the direction of the insured, his/her employees, customers, patrons, guests or any cause whatsoever, including, but not limited to claims of negligent or improper hiring practices, negligent, improper or non-existent supervision of employees, patrons, or guests and negligence in failing to protect customers, patrons or guests. As used above, "assault" and "battery" include sexual assault and/or sexual battery.

We shall have no obligation to defend you, or any other insured, for any such loss, claim or suit.

3

## BACKGROUND FACTS

13. In the Underlying Action, Interested Parties Jose and Maria Sorto ("Claimants") seek recovery for personal injuries and loss of consortium stemming from injuries that Jose Sorto allegedly suffered on the Premises, on or about July 6, 2024. A true and correct copy of the Complaint filed in the Underlying Action is annexed hereto as **Exhibit A**.

14. In the Underlying Action, Claimants allege, among other things, that an employee of Alli Restaurant, acted negligently and failed to conduct himself in a reasonable and prudent manner, negligently engaging in physical contact with Claimant Jose Sorto. See **Ex. A, ¶¶ 17–19.**

15. In the Underlying Action, Claimants allege that Alli Restaurant is vicariously liable under the doctrine of *respondeat superior* for the actions of the subject employee. See **Ex. A., ¶¶ 20–23.**

16. In the Underlying Action, Claimants allege that Alli Restaurant was negligent in the hiring, retention, and management of the subject employee. See **Ex. A., ¶¶ 24–30.**

17. In the Underlying Action, Claimants allege that Alli Restaurant was negligent in the selling, delivering, or providing of alcoholic beverages to Claimant Jose Sorto, thus exposing him to a risk of harm that allegedly came to fruition. See **Ex. A., ¶¶ 10–14.**

18. Under letter dated October 22, 2024, Associated, by and through AmTrust, disclaimed coverage under the Policy, pursuant to the Assault and Battery Exclusion.

## FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF

19. Alli Restaurant repeats, realleges, and incorporates each and every allegation contained in paragraphs "1" through "19" above as if fully set forth herein.

20. The New Jersey Declaratory Judgment Act, N.J.S.A. 2A:16-50, *et seq.*, authorizes the Court to declare the rights, status and other legal relations of parties to a contract.

4

21. There exists a current and present controversy between Plaintiff and Defendants as to coverage under the Policy.

22. There is coverage owed to Alli Restaurant pursuant to the terms, conditions, exclusions, and other provisions of the Policy.

23. Alli Restaurant was a named insured under the Policy at the time of the claimed incident litigated in the Underlying Action.

24. Claimants have sufficiently pled a claim for "bodily injury" as defined in the Policy as "bodily injury, sickness or disease sustained by a person, including death from any of these at any time."

25. Claimant's claim for negligent hiring, retention, and/or management in the Fifth Count of the Complaint in the Underlying Action does not *arise out of*, in whole or in part, any assault, battery, fight, altercation, misconduct or similar incident or act of violence.

26. Similarly, Claimant's claim for vicarious liability under *respondeat superior* in Fourth Count of the Complaint in the Underlying Action against Alli Restaurant is not barred from coverage under the Exclusion, as any liability against Alli's employee does not *arise out of*, in whole or in part, any assault, battery, fight, altercation, misconduct or similar incident or act of violence, because the employee may be found to have acted negligently in his interactions with Claimant Jose Sorto.

27. In addition, Claimant's claim for dram-shop liability in Count One of the Complaint in the Underlying Action against Alli Restaurant is not barred from coverage under the Exclusion because it does not *arise out of*, in whole or in part, any assault, battery, fight, altercation, misconduct or similar incident or act of violence,.

5

28. Because there are many unresolved issues of fact as to whether all claims in the for the Underlying Action arise out of an assault or battery, fight, altercation, misconduct, or act of violence, denial of coverage by AmTrust and Associated is improper.

29. Declaratory judgment is proper and necessary in this case so that the respective rights, duties, and obligations of the parties may be determined under the Policy and so that Alli is properly defended and indemnified pursuant to its Policy with Defendants.

30. Accordingly, Alli Restaurant is entitled to a declaration that it is entitled to defense and indemnification from Defendants in the Underlying Action.

**WHEREFORE**, Plaintiff Alli Restaurant respectfully requests that this Court issue judgment as follows:

a) Declaring that coverage is owed under the Policy to Alli Restaurant in connection with the Underlying Action;

b) Declaring that Defendants owe Alli Restaurant a duty to defend and indemnify in connection with the Underlying Action;

c) Granting an award in favor of Alli Restaurant for the costs of suit incurred herein, pursuant to Rule 4:42-9(a)(6); and

d) Granting such other and further relief as the Court may deem just and proper.

                                                      **MANDELBAUM BARRETT PC**
                                                      Attorneys for Plaintiff,
                                                      Alli Restaurant & Bar Corp.

                                                      /s/ *Raj Gadhok*

                                                      RAJ GADHOK

DATED: April 17, 2025

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Raj Gadhok, Esq., as trial counsel.

MANDELBAUM BARRETT PC
Attorneys for Plaintiff,
Alli Restaurant & Bar Corp.

/s/ *Raj Gadhok*

RAJ GADHOK

DATED: April 17, 2025

## CERTIFICATION PURSUANT TO R. 1:38-7(B)

I certify that the confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

MANDELBAUM BARRETT PC
Attorneys for Plaintiff,
Alli Restaurant & Bar Corp.

/s/ *Raj Gadhok*

RAJ GADHOK

DATED: April 17, 2025

## CERTIFICATION PURSUANT TO R. 4:5-1

Pursuant to R. 4:5-1, I hereby certify that the matter in controversy is the subject of a related civil action in the lawsuit styled as *Jose Sorto, et al. v. Alli Restaurant & Bar Corp, et al.*, currently pending before the Superior Court of New Jersey, Law Division, Union County, bearing Docket No. UNN-L-4379-24. A motion to consolidate these civil actions is anticipated.

Under information and belief, there are criminal charges pending against Plaintiff's former employee, which charges arise out of the same facts and circumstances set forth in the above captioned matter, which charges are currently pending before the Superior Court of New Jersey and/or Elizabeth Municipal Court.

Subject to the above disclosures, the matter in controversy is not otherwise the subject of any other action pending in any court, or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated.

I further certify that I am unaware of any non-party who should be joined in this action.

I certify that the foregoing statements made by me are true and I am aware that if any of the foregoing statements made by me are willfully false, that I am subject to punishment.

MANDELBAUM BARRETT PC<br>
Attorneys for Plaintiff,<br>
Alli Restaurant & Bar Corp.<br>
<br>
/s/ *Raj Gadhok*<br>
_____<br>
RAJ GADHOK

DATED: April 17, 2025

## DEMAND TO PRESERVE EVIDENCE

Defendant(s) are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's causes of action and/or prayers for relief, to any defenses of same, and pertaining to any party including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computers images, cache memory, searchable data, emails, spreadsheets, customer files, insurance proposals, binders and related communications, claim and investigation files, memos, text messages and any and all social or work-related websites, and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation. **Failure to do so will result in separate claims for spoliation/destruction of evidence and/or for appropriate adverse inferences.**

MANDELBAUM BARRETT PC
Attorneys for Plaintiff,
Alli Restaurant & Bar Corp.

/s/ *Raj Gadhok*

RAJ GADHOK

DATED: April 17, 2025

9

# Exhibit A

LAW OFFICES OF RICHARD A. GREIFINGER
80 MAIN ST., SUITE 455
WEST ORANGE, NJ 07052
973- 242-1500
Attorney ID No. 013211980
Attorneys for Plaintiffs

| | |
|---|---|
| Jose Sorto and Maria Sorto,<br><br>Plaintiffs,<br><br>vs.<br><br>Alli Restaurant & Bar Corp., Kevin Grabowski, 254 North Broad Street, LLC, Marilyn Objio, ABC Companies 1-5 and John Does 1-20,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: UNION COUNTY<br>DOCKET NO.: UNN-L-<br><br>CIVIL ACTION<br><br>COMPLAINT AND JURY DEMAND |

The Plaintiffs, residing in the City of Elizabeth, County of Union, State of New Jersey, by way of complaint against the Defendants, say:

### FACTS COMMON TO ALL COUNTS

1. On or about July 6, 2024, the Plaintiff, Jose Sorto ("Plaintiff"), was a business invitee on premises known as Alli Restaurant & Bar, located at 254 North Broad Street, Elizabeth, New Jersey.

2. At all times relevant hereto, the said restaurant was owned and operated by Defendants, Alli Restaurant & Bar Corp., 254 North Broad Street, LLC, Marilyn Objio, ABC Companies 1-5 (fictitious names intended to represent unknown entities) and/or John Does 1-5 (fictitious names intended to represent unknown persons), who assumed shared responsibility for its management and operations. They are hereinafter referred to collectively as the "Establishment Defendants."

3. At all times relevant hereto, the Establishment Defendants were persons or entities which dispense alcoholic beverages to members of the public, and were either licensed alcoholic beverage servers, or entities in control of the issuance and maintenance of such licenses to publicly dispense alcohol.

4. At all times relevant hereto, Defendants, Kevin Grabowski and John Does 6-15 (fictitious names intended to represent unknown persons), were servers of alcoholic beverages (hereinafter "Server Defendants") as bartenders and/or wait-staff, who acted in the capacity of agents, servants, and/or employees of the Establishment Defendants.

5. At all times relevant hereto, Defendants, Kevin Grabowski, and John Does 16 through 20 (fictitious names intended to represent unknown persons) were managers, security guards, bouncers, or valets of servers of alcoholic beverages (hereinafter "Supervisory Defendants"), who acted in the capacity of agents, servants, and/or employees of the Establishment Defendants.

6. On or about July 6, 2024, in violation of N.J.S.A. 2A:22-5, the Plaintiff was served an excessive quantity of alcoholic beverages by the Server Defendants when he was demonstrably intoxicated, thus exposing him and others to the risk of grievous bodily harm.

7. While imbibing at the restaurant, Plaintiff ran out of money and had to leave to go to his car to retrieve enough cash to cover the cost of his anticipated meal.

8. When Plaintiff returned minutes later, Defendant, Kevin Grabowski, stopped him at the door and refused to allow him inside purportedly due to his heightened state of intoxication, whereupon an argument ensued.

9. When Plaintiff attempted to gain entry, Grabowski maliciously and savagely beat, assaulted, and battered the Plaintiff, by striking and violently knocking him to the ground.

## FIRST COUNT
*(Dram Shop-Alcohol Service)*

10. Plaintiffs repeat the foregoing facts as if set forth more fully herein.

11. At all times relevant hereto, the Server Defendants were negligent in managing, overseeing, selling, delivering or providing alcoholic beverages to the Plaintiff when the said Defendants, knew or should have known by reasonable observation or by direct knowledge, that the Plaintiff was intoxicated and posed a risk of harm to himself and/or others.

12. At all times relevant hereto, each of the Server Defendants and Supervisory Defendants owed a duty of care to the Plaintiff and others to cease service and assist the Plaintiff in securing transportation to his home or other place of safety, to prevent or minimize the risk of injury to himself and/or others.

13. At all times relevant hereto, the Plaintiff was allowed and not deterred by the said Defendants to leave the subject premises alone in an intoxicated state, with markedly impaired judgment, thus exposing him and others to a significant risk of grievous bodily harm.

14. As a direct and proximate result of the wrongful conduct of the Establishment Defendants, Supervisory Defendants, and Server Defendants, the Plaintiff has and will continue to suffer extreme pain and suffering, emotional and mental distress and humiliation, cognitive dysfunction, and diminished enjoyment and quality of life; and he has, and will in the future, incur hospital, medical, therapy and counseling bills to alleviate his pain, suffering, and disability, and has and will be unable, or in a diminished capacity, to engage in his usual occupation, pursuits, and relationships, all to his damage and detriment.

**WHEREFORE**, the Plaintiff demands judgment against Defendants Alli Restaurant & Bar Corp., Kevin Grabowski, 254 North Broad Street, LLC, Marilyn Objio, ABC Companies 1-5 and John Does 1-20, for compensatory damages, interest and costs of suit.

### SECOND COUNT
*(Assault and Battery-Grabowski)*

15. Plaintiffs repeat the foregoing allegations as if set forth more fully herein.

16. As a direct and proximate result of the vicious, willful, wonton, and unlawful conduct of Defendant, Kevin Grabowski, the Plaintiff has sustained the damages set forth more particularly hereinabove.

**WHEREFORE**, the Plaintiff demands judgment against Defendant, Kevin Grabowski, for compensatory damages, punitive damages, interest and costs of suit.

### THIRD COUNT
*(Negligence-Grabowski)*

17. Plaintiffs repeat the foregoing allegations as if set forth more fully herein.

18. At all times mentioned herein, Defendant, Grabowski, acted negligently in instigating and engaging in physical contact with Plaintiff, in failing to appreciate the gravity of his acts and the impact they would likely have upon Plaintiff, and in failing to conduct himself in a reasonable and prudent manner, in accordance with the duties and responsibilities imposed by his employment.

19. As a direct and proximate result of the negligence of Defendant, Grabowski, the Plaintiff has sustained the damages as set forth more particularly hereinabove.

**WHEREFORE**, the Plaintiff demands judgment against Defendant, Kevin Grabowski, for compensatory damages, interest and costs of suit.

### FOURTH COUNT
*(Vicarious Liability of Principal for the Acts of its Agents)*

20. Plaintiffs repeat the foregoing allegations as if set forth more fully herein.

21. At all times mentioned herein, Defendant, Grabowski, acted as agent, servant, and/or employee of the Establishment Defendants, within the scope of his employment.

22. Under the doctrine of *Respondeat Superior*, the Establishment Defendants are vicariously liable for the acts and omissions of Grabowski and the other individual defendants, as set forth more fully hereinabove.

23. As a direct and proximate result of the negligence of Defendants, Alli Restaurant & Bar Corp., 254 North Broad Street, LLC, Marilyn Objio, ABC Companies 1-5, and John Does 1-5, the Plaintiff has sustained the damages as set forth more particularly hereinabove.

**WHEREFORE**, the Plaintiff demands judgment against Defendants Alli Restaurant & Bar Corp., 254 North Broad Street, LLC, Marilyn Objio, ABC Companies 1-5 and John Does 1-5, for compensatory damages, interest and costs of suit.

**FIFTH COUNT**
*(The Negligent Hiring, Retention and Management of Grabowski)*

24. Plaintiffs repeat the foregoing allegations as if set forth more fully herein.

25. At all times mentioned, the Establishment Defendants owed a duty to its employees, patrons, and prospective patrons to investigate and evaluate Grabowski's background before hiring him.

26. At all times mentioned, the said Establishment Defendants had an opportunity to investigate Grabowski's background to assure his fitness for employment.

27. Had the said Establishment Defendants exercised reasonable care and prudence in evaluating Grabowski's background, upon information and belief, the said Defendants would have ascertained that Grabowski had a history of, and/or the propensity to commit violent acts, thus exposing Defendants' patrons, employees, and others to an enhanced risk of harm.

28. The said Establishment Defendants were under a continuing duty to exercise reasonable care in the management, supervision, and control of Grabowski's actions, to assure that Grabowski conducted himself in an appropriate manner, and to further assure that the Establishment Defendants' patrons, employees, and members of the public were protected from the grave risk of harm posed by Grabowski's ongoing employment.

29. At all times mentioned, upon information and belief, the Establishment Defendants, knew, or in the exercise of due care, had reason to know, of Defendant, Grabowski's history and/or propensity for committing assaults, batteries, and otherwise violent acts upon other victims.

30. Despite having had actual and/or constructive notice of Defendant Grabowski's violent propensities, the Establishment Defendants acted negligently in continuing to employ Grabowski, and in in failing to properly train, supervise, monitor, manage, and otherwise control his errant conduct, in light of the serious risk of harm he posed to those persons with whom he might engage in the course of the duties integral to his employment.

WHEREFORE, the Plaintiff demands judgment against Defendants Alli Restaurant & Bar Corp., 254 North Broad Street, LLC, Marilyn Objio, John Does 1-5 and ABC Companies 1-5 for compensatory damages, interest and costs of suit.

### SIXTH COUNT
*(Loss of Society, Services, and Consortium of the Plaintiff, Maria Sorto)*

31. Plaintiffs repeat the foregoing allegations as if set forth more fully herein.

32. At all times mentioned above, Maria Sorto, was, and continues to be the lawful wife of the Plaintiff, Jose Sorto.

33. As a direct and proximate result of the injuries sustained by the said Joseph Sorto, Plaintiff, Maria Sorto, has been damaged in that she has been, and in the future, will be deprived of the society, services, and consortium of her said husband.

**WHEREFORE**, Plaintiff, Maria Sorto, demands judgment against all Defendants for compensatory damages, interest and costs of suit.

## DESIGNATION OF TRIAL COUNSEL

Plaintiffs hereby designate Richard A. Greifinger as his trial counsel in this matter pursuant to R. 4:25-4.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues.

## CERTIFICATION

Upon information and belief, Defendant, Grabowski, has been charged with Aggravated Assault (N.J.S.A. 2C:12-1b and/or Endangering Another Person (N.J.S.A. 2C:24-7.1), which charges are pending either in the Superior Court of New Jersey, Criminal Division, Union County, and/or in the Elizabeth Municipal Court. The criminal charges arise out of the same facts and circumstances as the within matter.

To the best of my knowledge, the matter involved herein is not the subject of any other action pending in any Court or of a pending arbitration, and I know of no other party who should be joined in this action.

LAW OFFICES OF RICHARD A. GREIFINGER
ATTORNEY FOR PLAINTIFFS

BY: _____
RICHARD A. GREIFINGER

DATED: November 27, 2024