NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALLI RESTAURANT & BAR CORP., <br><br> Plaintiff, <br><br> v. <br><br> AMTRUST NORTH AMERICA INC. and ASSOCIATED INDUSTRIES INSURANCE COMPANY INC., <br><br> Defendants, <br><br> and <br><br> JOSE SORTO and MARIA SORTO. <br><br> Interested Parties. | Case No. 2:25-cv-04199 (BRM) (JRA) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court are the parties' competing motions for summary judgment. Defendants Amtrust North American Inc. ("AmTrust") and Associated Industries Insurance Company Inc. ("AIIC") (collectively, "Defendants") filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56. (ECF No. 10-1.) Plaintiff Alli Restaurant and Bar Corp. ("Alli Restaurant") responded by filing an opposition to Defendants' motion and a Cross-Motion for Summary Judgment. (ECF No. 18-1.) Defendants filed a reply and opposition to Alli Restaurant's Cross-Motion. (ECF No. 21.) Jose Sorto and his wife Maria Sorto are joined as interested parties but have taken no position on these motions.

Having reviewed and considered the submissions filed in connection with the motions and having declined to hold oral argument pursuant to Rule 78(b), for the reasons set forth below and

for good cause appearing, Defendants' Motion for Summary Judgment is **GRANTED** and Alli Restaurant's Cross-Motion for Summary Judgment is **DENIED**.

## I.    BACKGROUND

### A.    Factual Background

On July 6, 2024, Jose Sorto frequented Alli Restaurant in Elizabeth New Jersey. (Defendants' Statement of Facts (ECF No. 10-2) ¶ 5; Alli Restaurant's Statement of Facts (ECF No. 18-2) ¶¶ 2–5.) According to Jose, Alli Restaurant negligently served him an excessive amount of alcohol before requiring him to leave the bar to get additional money while highly intoxicated. (ECF No. 10-2 ¶ 5; No. 18-2 ¶¶ 2–5.) On his return, Sorto claims an employee of Alli Restaurant, Kevin Grabowski ("Grabowski"), prevented him from entering the restaurant due to his intoxication. (ECF No. 10-2 ¶ 5; ECF No. 18-2 ¶ 4.) The two began to argue until Grabowski allegedly "savagely beat" Sorto "striking him and violently knocking him to the ground." (ECF No. 10-2 ¶ 5; ECF No. 18-2 ¶ 5.)

Sorto subsequently filed suit, which included the above allegations, in the Superior Court of New Jersey, Law Division, Civil Part, entitled *Jose Sorto v. Alli Restaurant & Bar Corp.*, Civ. A. No. UNN-L-004379-24 (November 27, 2024) (the "*Sorto* Action"). (ECF No. 10-2 ¶ 5; ECF No. 18-2 ¶ 1.) The *Sorto* Action alleges common law claims of assault, battery, and negligence arguing Alli Restaurant was "negligent in managing, overseeing, selling, delivering, or providing alcoholic beverages." (ECF No. 10-10 at .) The *Sorto* Action has yet to conclude—and Sorto's allegations are disputed. (ECF No. 10-2 ¶ 5; ECF No. 18-2 ¶ 6).

At all times relevant to this matter, Alli Restaurant held an insurance policy covering both general commercial liability and liquor liability, collectively signed for the period extended from October 10, 2023 to October 10, 2024 and bearing the policy number AES12290430 (together the

2

"Insurance Policies"). (ECF No. 10-2 ¶ 10–15; ECF No. 18-2 ¶ 11–14.) These policies obligated AIIC to defend Alli Restaurant and to pay any damages on Alli Restaurant's behalf. (ECF No. 10-2 ¶ 10–15; ECF No. 18-2 ¶ 11–14.) However, on October 22, 2025, AmTrust—the claims administrator employed by AIIC—determined Sorto's lawsuit was not covered by the Insurance Policies because they fell into the exclusion for claims "arising out of any assault, battery, fight, altercation, misconduct or similar incident or act of violence . . . [from] any cause whatsoever," as well as a similar exclusion in the liquor liability policy. (ECF No. 10-2 ¶¶ 11–16; Alli Restaurant Response to Defendants' Statement of Facts (ECF No. 18-3) ¶¶ 11–16).

### B.    Procedural Background

On April 17, 2025, Alli Restaurant filed this suit in the New Jersey Superior Court, Law Division, Civil Part to compel AIIC to defend it. *Alli Restaurant & Bar Corp. v. Amtrust North America, Inc. et al.*, Civ. A. No. UNN-L-001560-25 (2025). (ECF No. 1-1.) Defendants subsequently removed the case to federal court (ECF No. 1) and filed their answers (ECF Nos. 3, 4).

On July 9, 2025, Defendants moved for summary judgment (ECF No. 10). Alli Restaurant timely filed its response on August 4, 2025 (ECF No. 18). Defendants filed their reply a week later. (ECF No. 21.)

## II.    LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "On motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion." L. Civ. R. 56.1(a).

A party asserting a genuine dispute of material fact must support the assertion by either "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). A factual dispute "is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and "is material only if it might affect the outcome of the suit under governing law." *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "Unsupported allegations, subjective beliefs, or argument alone, however, cannot forestall summary judgment." *Read v. Profeta*, 397 F. Supp. 3d 597, 625 (D.N.J. 2019). Irrelevant or unnecessary factual disputes will also not preclude a grant of summary judgment. *See Anderson*, 477 U.S. at 248. Additionally, "mere speculation does not create genuine issues of material fact." *Dellapenna v. Tredyffrin/Easttown Sch. Dist.*, 449 F. App'x 209, 215–16 (3d Cir. 2011) (citing *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 382 n.12 (3d Cir. 1990)).

The party moving for summary judgment has the initial burden of showing the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once a movant adequately supports its summary judgment motion, the burden shifts to the nonmovant to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving

party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–151 (2000) (quoting *Anderson*, 477 U.S. at 255). In other words, in deciding a party's summary judgment motion, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 255. "Summary judgment is appropriate only when there are no genuine issues of material fact, drawing all justifiable inferences in favor of the nonmovant." *Adams v. Fayette Home Care & Hospice*, 452 F. App'x 137, 139 (3d Cir. 2011) (citing *Anderson*, 477 U.S. at 248, 255).

If the moving party bears the burden of proof at trial, summary judgment is not appropriate if the evidence is susceptible to different interpretations or inferences by the trier of fact. *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999). On the other hand, if the non-moving party bears the burden of proof at trial, "summary judgment is warranted if the nonmovant fails to 'make a showing sufficient to establish the existence of an element essential to [its] case.'" *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993) (alteration in original) (quoting *Celotex Corp.*, 477 U.S. at 322). A "genuine issue as to any material fact" cannot exist if a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322–23. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323. A material fact raises a "genuine" dispute "if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Williams v. Borough of W. Chester*, 891 F.2d 458, 459 (3d Cir. 1989) (quoting *Anderson*, 477 U.S. at 248).

### III.   DECISION

**A.    All claims in the underlying *Sorto* Action arise out of an alleged assault and battery, and are therefore excluded from coverage**

There are two policies at issue in this case, both are governed by New Jersey law. (Defendants' Ex. A, Copy of the Insurance Policies at Issue (ECF No. 10-10) at 8.) The first is a general commercial insurance policy. (ECF No. 10-1 at 2; ECF No. 18-1 at 1.) The second is a limited liquor liability policy, which only applies to potential liability stemming from the sale or provision of alcohol. (*Id.*) Whether an insurance policy applies is reviewed in two parts. First "the insured has the burden to bring the claim within the basic terms of the policy." *C.J. Hesse, Inc. v. Am. Fam. Home Ins. Co.*, Civ. A. No. 25-1101, 2025 WL 2731349, at *5 (D.N.J. Sept. 25, 2025) (quoting *S. T. Hudson Eng'rs, Inc. v. Pa. Nat. Mut. Cos. Co.*, 909 A.2d 1156, 1163 (N.J. Super. Ct. App. Div. 2006)); *see also Hartford Acc. & Indem. Co. v. Aetna Life & Cas. Ins. Co.*, 483 A.2d 402, 408 (N.J. 1984). Should the insured meet its burden, "the burden is on the insurer to bring the case within [an] exclusion," otherwise the insurance will be found to apply. *Am. Motorists Ins. Co. v. L-C-A Sales Co.*, 713 A.2d 1007, 1013 (N.J. 1998) (quoting *Princeton Ins. Co. v. Chunmuang,* 698 A.2d 9, 16 (N.J. 1997)).

Here the parties do not dispute that the general commercial insurance policy could cover the *Sorto* Action, nor could they reasonably do so.[1] (ECF No. 10-1 at 2; ECF No. 18-1 at 3–4.) By

---

[1] It is unclear whether Defendants intend to argue or concede its liquor liability policy could apply to the *Sorto* Action absent an exception. In its letter rejecting Alli Restaurant's insurance claim, AmTrust disputed—or at least did not concede—that the liquor liability policy could be implicated by Sorto's claims. (Defendants' Ex. C, AmTrust Rejection Letter (ECF No. 10-12)).

6

its terms, the general commercial liability insurance covers "bodily injury" or "property damage," which occurs "in the coverage territory," so long as it does not fall into an enumerated exception—including liability stemming from an assault or battery or from "[c]ausing or contributing to the intoxication of any person." (ECF No. 10-10 at 52–53.) By contrast, the liquor liability policy only covers "if liability for such 'injury' is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage." (*Id.* at 68.) As a consequence, the contract requires "factual relationship between the service of the alcoholic beverage on the one hand and the damage claimed by the complainant against the defendant on the other," otherwise there is not duty under the policy. *Rodriguez v. Goodlin*, Civ. A. No. 5887-04T1, 2006 WL 2390218, \*2 (N.J. Super. Ct. App. Div., Aug. 21, 2006). If the bar is merely the "locus" of an otherwise unrelated altercation, "there is no reason to believe . . . the incident arose in any way out of the bar's service of alcohol." *Id.* at \*3. Unlike *Rodriguez*, the underlying *Sorto* Action does stem from the provision of alcohol. Sorto alleges the altercation with the Alli Restaurant's bouncer occurred because he was intoxicated. (ECF No. 10-2 ¶¶ 21–22; ECF No. 18-2 ¶ 2.) Therefore, Alli Restaurant's liquor insurance policy is implicated, and the Court must decide whether this case falls within the assault and battery exception.[2]

Once an insurance policy has been determined to bear upon the underlying matter, "the burden is on the insurer to bring the case within the exclusion." *Am. Motorists Ins. Co.*, 713 A.2d at 1013. When interpreting an insurance contract, "exclusions in the insurance policy should be

---

[2] Though not argued by the parties, the Commercial General Liability Policy contains a "Total Liquor Liability Exclusion" that clearly states the policy "does not apply to . . . . allegations including, but not limited to . . . any act, error, or omission relating to the consumption or distribution of any alcoholic beverage." (b 10-10 at 172.) However, as the *Sorto* Action would be excluded by the Assault and Battery Exclusion present in both policies, the Court need not decide whether these policies are mutually exclusive.

narrowly construed." *Nav-Its, Inc. v. Selective Ins. Co. of Am.*, 869 A.2d 929, 934 (N.J. 2005). "As a result, exclusions are ordinarily strictly construed against the insurer . . . and if there is more than one possible interpretation of the language, courts apply the meaning that supports coverage rather than the one that limits it." *Flomerfelt v. Cardiello*, 997 A.2d 991, 997 (N.J. 2010) (quoting *Cobra Prods., Inc. v. Fed. Ins. Co.*, 722 A.2d 545, 549 (N.J. Super. Ct. App. Div. 1998)). However, the Court may not "write a better policy for the insured than the one purchased." *Oxford Realty Grp. Cedar v. Travelers Excess & Surplus Lines Co.*, 160 A.3d 1263, 1270 (N.J. 2017). "Exclusionary clauses are presumptively valid and are enforced if they are 'specific, plain, clear, prominent, and not contrary to public policy.'" *Flomerfelt*, 997 A.2d at 996 (quoting *Chunmuang*, 698 A.2d at 17). The Court will therefore analyze the policies as written to determine whether AIIC has a duty to defend Alli Restaurant in the *Sorto* Action.

"It is well established that the duty to defend is broader than the duty to indemnify." *Ionbond, Inc. v. Valley Forge Ins. Co.*, Civ. A. No. 3370-09T4, 2010 WL 5185472, at *3 (N.J. Super. Ct. App. Div. Dec. 6, 2010) (citing *Hofing v. CNA Ins. Cos.,* 588 A.2d 864, 868 (N.J. Super. Ct. App. Div. 1991)). The duty to defend can be determined without discovery because it is the nature of "the allegation in the complaint of a cause of action which, if sustained, will impose a liability covered by the policy." *Voorhees v. Preferred Mut. Ins. Co.*, 607 A.2d 1255, 1259 (N.J. 1992) (quoting *Danek v. Hommer,* 100 A.2d 198, 202 (N.J. Super. Ct. App. Div. 1953)). Stated simply, an insurers' duty to defend arises from the nature of the claim—not whether or not the claim is viable or consistent with the actual events. *Id.* When there are multiple claims present, only some of which are covered, "the duty to defend will continue until every covered claim is eliminated." *L.C.S., Inc. v. Lexington Ins. Co.,* 853 A.2d 974, 979 (N.J. Super. Ct. App. Div. 2004).

8

Here, there is little question as to the nature of the underlying complaint. Sorto is alleging he was injured due to the deliberate assault and battery committed by Alli Restaurant's bouncer. (ECF No. 10-2 ¶¶ 21–22; ECF No. 18-2 ¶ 2.) Despite this, Alli Restaurant points to the claims brought by Sorto, which do not directly implicate the bouncer's actions—namely, "the multiple negligence claims . . . [which] have no 'nexus' with an 'assault and battery' alleged in another count." (ECF No. 18-1 at 9.) Alli Restaurant cites *L.C.S.*, to say negligence claims do not share a nexus with intentional torts. (*Id.* (citing *L.C.S.*, 853 A.2d at 979).) This is an overreading of *L.C.S.*, where the injured party alleged two distinct causes of his injuries, the first was an assault and battery, but the second was that he was "negligently injured while being escorted from the bar." 853 A.2d at 978.

However, although the *Sorto* Action brings a number of claims purporting to arise from negligence, his pleading is clear that his injuries arise exclusively from Grabowski's alleged assault. (ECF No. 10-4 at 3–4.) Unlike *L.C.S.*, Sorto does not allege he was separately or alternatively injured by negligent actions, instead his complaint alleges various parties were negligent in contributing to the conditions which led to the alleged beating. (*Id.* at 4–6.)

Additionally, as Defendants contend, there are consequential differences between the exclusionary policies at issue in *L.C.S.*, and the current case. (ECF No. 21 at 6.) The policy at issue in *L.C.S.* contained a similarly broad exclusion, denying any duty to defend claims "arising out of assault and battery," or any equivalent act. *Compare* 853 A.2d at 977; *with* (ECF No. 10-10 at 168 (excluding "any claim or 'suit' . . . arising out of any assault, battery, fight, alternation, misconduct, or similar incident")). Yet Defendants' exclusion goes further, making clear the Defendants have no duty to defend such claims no matter the cause "including, but not limited to claims of negligent or improper hiring . . . supervision . . . [or] failing to protect customers." (ECF No. 10-10 at 168.)

Accordingly, the contract is more similar to the insurance policies at issue in *Stafford v. T.H.E. Insurance Co.*, which similarly excluded claims related to "negligent hiring, supervision, and/or retention," and the court held the insurer therefore had no duty to defend. 706 A.2d 785, 786 (N.J. Super. Ct. App. Div. 1998). The *L.C.S.* court itself acknowledged this as a dispositive difference between the cases, because there was no express exclusion of negligent hiring claims "it is not clear to the average reader that the . . . exclusion covers the alleged negligent activity." 853 A.2d at 980. Here, there is no such ambiguity and no negligent cause of harm independent of the alleged assault.

For the foregoing reasons, Defendants have no duty to defend Alli Restaurant in the *Sorto Action.*

**B.      The Court Need Not Determine Whether AmTrust is Properly a Defendant in this Action**

The parties also dispute the issue of which parties may properly be joined to this action. Alli Restaurant brought claims against both AIIC, the insurance company with the duty to defend, and AmTrust, the claims administrator who reviewed and denied its claims. (ECF No. 1 ¶¶ 28–30.) AmTrust has no direct contractual relationship with Alli Restaurant, nevertheless Alli Restaurant maintains Amtrust is a proper party because it was granted the power to assess and direct coverage by AIIC, which is alleged to have a duty to defend. (*Id.*) Despite AmTrust's role as claim administrator, it argues that the lack of relationship between it and Alli Restaurant means there are not claims which can be brought against it. (ECF No. 10-1 at 11.) The parties do not contest the Court's jurisdiction over AmTrust, merely whether Alli Restaurant has a viable claim against it. (*Id.*) Therefore, given that the Court has found Alli Restaurant has no claim against

either entity under the policy it need not reach the issue of whether it has a claim against AmTrust specifically.

## IV.    CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment (ECF No. 10) is **GRANTED**, and Alli Restaurant's Cross-Motion for Summary Judgment (ECF No. 18) is **DENIED**.


**Date: February 25th, 2026**                    */s/ Brian R. Martinotti*
                                    **HON. BRIAN R. MARTINOTTI**
                                    **UNITED STATES DISTRICT JUDGE**